JESSE T. FOUNTAIN v. CLARENCE LINN, EXECUTOR OF SARAH O. GASKILL, DECEASED.

The plaintiff was not a competent witness under the act of 1880 to contradict evidence produced on the part of the defendant of a conversation between the plaintiff and the testatrix.

---

Rule to show cause.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Theodore E. Dennis.*

For the defendant, *John Linn.*

The opinion of the court was delivered by

VAN SYCKEL, J.  A witness testified on behalf of the defendant, on the trial below, to a conversation between the plaintiff and the decedent in her lifetime, in which the plaintiff admitted that she owed him no wages.  In this suit, brought to recover wages alleged to be due from decedent to plaintiff from December, 1887, to December, 1891, the plaintiff, against the objection of the defendant, was admitted as a witness to deny that in this conversation he made the admission testified to.

Our statute, passed in 1880, provides " that in all civil actions in any court of law or equity of this state, any party thereto may be sworn and examined as a witness, notwithstanding any party thereto may sue or be sued in a representative capacity ; provided, nevertheless, that this supplement shall not extend so as to permit testimony to be given as to any transaction with or statement by any testator or intestate represented in said action."  *Rev. Sup., p.* 287.

The transaction between the plaintiff and the testatrix, which was the subject of the suit, was a contract for the services of the plaintiff rendered to the testatrix in her lifetime, the wages for which he claimed were unpaid.

The denial which the plaintiff was permitted to make of the evidence that he had admitted to testatrix that he had been paid in full, was, within the language of the act of 1880, testimony as to the transaction with the testatrix.  It related expressly to that transaction, and should have been excluded according to the letter as well as the spirit of the act.

In *Smith* v. *Burnet,* 8 *Stew. Eq.* 314, 321, Mr. Justice Reed says : " The object of the restrictive clause in such statutes is mutuality.  Their purpose is, in the language of Dr. Wharton, to provide that when one of the parties to a litigated obligation is silenced by death, the other shall be silenced by law.

" It is apparent that the object of the legislature is to be primarily regarded, and that the object is to close the mouth of a party whose interest is antagonistic to the estate of a deceased person in regard to those transactions and conversations in which the deceased bore a part, and concerning which he, if living, would be the most important, perhaps the only, witness beside the opposing party." ·

This clear exposition of the purpose of the statute in our court of last resort must settle this controversy.

The rule to show cause should be made absolute.